IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 11-13333 |
| | ) | |
| Eliseo Hernandez & Gretel Hernandez , | ) ) | |
| Debtors | ) | Jack B. Schmetterer |
| | ) ) | |
| | ) | Chapter: 13 |

| | | |
|---|---|---|
| Eliseo Hernandez & Gretel Hernandez   Plaintiffs, | ) ) | |
| | ) | No. 11-01975 |
| v. | ) ) | Hearing: 1/14/12 at 10:00am |
| J.P. Morgan Chase Bank, N.A. | ) | |
| Defendant | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause coming to be heard on motion of Plaintiffs, Carlos R. Lopez Olvera, for Default Judgment pursuant to Bankruptcy Rule 7055 and F.R.C.P. Rule 55, filed against First American Bank, due notice having been given and the Court being fully advised in the premises, it is hereby found:

FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. Parties:

1. The Plaintiffs are Eliseo Hernandez & Gretel Hernandez (Plaintiffs).

2. The Defendnat is J.P. Morgan Chase Bank, N.A. (JP).

B. Factual Background and Conclusions of Law.

1. JP holds a second junior mortgage on the Property, commonly known as 5204 105 Westword Ho Dr., North lake, IL 60164

2. The court finds that the Debtors' Chapter 13 Plan in the underlying case 11-13333 has treated the debt and mortgage of JP as completely unsecured.

3. The court finds On January 27, 2012, the Plaintiff filed and properly served an Notice of Motion and Motion for Default, upon Defendant, JP, holder of the junior second lien on the above-mentioned property

4. The Court further finds, pursuant to Bankruptcy Rule 7055, incorporating F.R.C.P. Rule 55, that based on Defendant JP's failure to plead or otherwise defend, the Court must enter a Default Judgment against them on the Adversary Complaint filed October 11, 2011.

5. The Court also finds as a result of this Judgment Order being entered, there is no security for the debt to attach to and therefore that the second junior mortgage of JP and the debt and is completely unsecured for purposes of the above captioned Chapter 13 Case.

6. *To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." 11 U.S.C.Sec. 506(d). If a debtor's chapter 13 case is dimissed then any lien voided under Sec 506(d) is reinstated 11 U.S.C. Sec 349 (b) (1)(c) A majorty of circuits hold a wholly uncsecured junior mortgage is subject to strip off prusuant to 11 U.S.C. Sec. 506(d) See Pond v. Farm Specialists Realty 252 F.rd 122 (2nd Cir 2001.)*

7. *To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." 11 U.S.C.*

8. The court finds upon entry of a Discharge Order in the underlying Chapter 13, 11-13333, the second mortgage lien of JP shall be avoided and "stripped off" as a mortgage lien on the Real Property described in Paragraph 1 of this order.

9. The Court also finds the balance of the claim of defendant JP for the second mortgage will be treated as a general unsecured claim and paid according to the terms of the confirmed Chapter 13 Plan.

10. The Court finds that JP shall release it's lien by filing a release of lien with the Cook County Recorder of Deeds as to the Real Estate commonly known as 105 Westword Ho Dr., North lake, IL 60164, Cook County, upon entry of discharge with no further order of Court;

11. However, the court finds First retains its lien on any surplus proceeds from a potential foreclosure sale by the senior lien holder prior to the Debtors' completion of their Chapter 13 Plan and entry of their Chapter 13 discharge.

12. The value of said real estate is $80,466.00 as demonstrated by the CMA which is attached to the Adversary Complaint.

13. JP Morgan Chase Bank National Association. has a first mortgage on the subject premises. The lien of the first mortgage held by JP Morgan Chase Bank National Association is $135,000.00. The lien of the second mortgage held by JP is $57,000.00 at this time. .

14. Under sections 506(a) and 506(d), First's second mortgage would be an allowed secured claim to the extent of the value of the estates interest in the property securing the claim, and would be void to the extent it is not an allowed secured claim.

15. The amount owed on the first mortgage, $135,000.00, exceeds the value of the real estate, $54,534.00

16. JP's second mortgage is wholly unsecured and may be stripped off.

Respectfully Submitted:
Craig Bizar /s/

Craig Bizar #6258014
Bizar & Doyle, LLC
Attorneys at Law
123 W. Madison St., #205
Chicago, IL 60602
(312) 427-3100

ENTER:

Honorable Jack B. Schmetterer
Judge

FEB 14 2012